IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONATHAN GEORGIADIS as Personal Representative of the Estate of MICHAEL A. GEORGIADIS, as Executor of the Estate of MICHAEL A. GEORGIADIS, and individually,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA,<br><br>Defendant. | Case No.: CIV-15-854-M<br><br>Case No. CJ-2015-44<br>(Garvin County District Court) |

## NOTICE OF REMOVAL

**COMES NOW** American Bankers Life Assurance Company of Florida ("ABLAC"), the Defendant herein, by and through counsel, in accordance with applicable law, including but not limited to, 28 U.S.C. §§ 1332, 1441 and 1446 appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and hereby gives notice of the removal of this action from the District Court in and for Garvin County, Oklahoma, to the United States District Court for the Western District of Oklahoma, and in support thereof would show unto the Court the following, to wit:

1. This action was commenced by the filing of a Complaint being Case No. CJ-15-44 in the District Court in and for Garvin County, Oklahoma, a court within this judicial district.

2. A copy of the District Court Docket is attached.  (Docket Report [Ex. 1].)

File-stamped copies of the Plaintiff's Petition and Summons are also attached hereto. (Pl's Pet. [Ex. 2]; Summons [Ex.3].)

3. In this action, Plaintiff, Jonathan Georgiadis, as Personal Representative of the Estate of Michael A. Georgiadis, as Executor of the Estate of Michael A. Georgiadis and Individually ("Georgiadis"), alleges that Georgiadis and American Bankers Life Assurance Company of Florida ("ABLAC") entered into a contract of life insurance; that on or about August 9, 2004, Georgiadis passed away; that ABLAC failed and refused to pay the loss and breached its contractual duty to Georgiadis; that ABLAC failed to act in good faith; that Plaintiff has been damaged in an amount in excess of $75,000.00; and that Plaintiff seeks actual damages in excess of $75,000.00, punitive damages, pre-judgment interest, post-judgment interest, court costs, attorney's fees, and any further relief that the Court deems just and proper. (*See, generally*, Ex. 2, Petition.)

4. This Court has diversity jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 because the parties properly joined and served are completely diverse, and because the amount in controversy exceeds $75,000.00.

5. This Notice of Removal has been timely filed within thirty (30) days after receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. This notice of removal is being filed less than one year since the commencement of the action.

6. Contemporaneously with the filing of this Notice of Removal, a copy of this Notice is being filed with the District Court in and for Garvin County, Oklahoma,

and is being served upon counsel of record.

## DIVERSITY JURISDICTION

7. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Generally. — Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> \*\*\*
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

8. 28 U.S.C. §1332(c)(2) provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]" Georgiadis' Petition to Admit Foreign Will states that Georgiadis was a resident of the State of New Jersey at the time of his death. (Ex. 4 at 1.) Therefore, for purposes of diversity jurisdiction, Plaintiff is deemed to be a citizen of New Jersey. Alternatively, Jonathan Georgiadis, to the extent he is a Plaintiff in his individual capacity, states in the Petition to Admit Foreign Will that he is a resident of the State of Oklahoma. (Ex. 4 at 2.) Thus, Jonathan Georgiadis is a citizen of the State of Oklahoma.

9. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

a. The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between - -

   i. Citizens of different states . . . .

A. **DIVERSITY OF CITIZENSHIP**

10. There is a complete diversity of citizenship between the Plaintiff and the Defendant.

11. As stated above, Plaintiff in his capacity as personal representative and executor of the Georgiadis estate is a citizen of the State of New Jersey for diversity jurisdiction purposes. Plaintiff in his individual capacity is a citizen of the State of Oklahoma.

12. American Bankers Life Assurance Company of Florida is a corporation organized and existing pursuant to the laws of the State of Florida, with its principal place of business located in the State of Florida. (*See* Ex. 5, Excerpt of Securities and Exchange Commission Filing.) Therefore, ABLAC is a citizen of the State of Florida for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1).

B. **AMOUNT IN CONTROVERSY**

13. "[W]hen a single plaintiff has multiple claims against a defendant or against two or more defendants, the Court should consider the aggregate value of the claims for the purposes of the amount in controversy." *Chidester v. Kaz, Inc.*, 2007 WL 1087728, *3 (N.D. Okla. Apr. 9, 2007) (citing *Alberty v. Western Sur. Co.*, 249 F.2d 537, 538 (10th Cir.1957)). Punitive damages may be considered in determining the amount in controversy. *Flowers v. EZPawn Okla., Inc.*, 307 F. Supp.2d 1191, 1198 (N.D. Okla. 2003)(citing *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943)). Attorneys'

fees may also be calculated as a part of the amount in controversy in a bad faith case. *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp.2d 1272, 1277 (N.D. Okla. 2006).

14. Plaintiff's Petition explicitly states that "…Plaintiff has been damaged in an amount in excess of $75,000.00" and that "Plaintiff requests actual damages in excess of $75,000, punitive damages, pre-judgment interest, post-judgment interest, court costs, attorney's fees, and any further relief that this Court deems just and proper." (Ex. 2, Petition, at ¶¶9, 13, and unnumbered paragraph beginning "WHERFORE".)

15. In cases removed to federal court based on diversity jurisdiction, 'the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy....' 28 U.S.C. § 1446." *Gable v. MSC Waterworks Co., Inc.*, 12-CV-0047-CVE-PJC, 2012 WL 1118980 (N.D. Okla. Apr. 3, 2012). Where it is clear from the face of the petition that the Petition seeks in excess of $75,000.00, the amount in controversy requirement is satisfied. *Walls v. American Tobacco Co., Inc.*, 1997 WL 1121361, *1 (N.D. Okla. July 10, 1997).

16. As demonstrated above, it is apparent from the face of Plaintiff's Petition that Plaintiff seeks actual damages, punitive damages and attorneys' fees, far in excess of the jurisdictional threshold of $75,000.

## CONCLUSION

17. As stated above, there is complete diversity of the parties properly joined and served. As demonstrated above, the amount in controversy is clearly satisfied based on the face of Plaintiffs' Petition. Thus, diversity jurisdiction is present.

**WHEREFORE**, Defendants request that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the

District Court in and for Garvin County, Oklahoma, be hereby stayed.

This, the 5th day of August, 2015.

    Respectfully submitted,

    s/J. Derrick Teague
    J. Derrick Teague, OBA #15131
    JENNINGS TEAGUE P.C.
    204 North Robinson, Suite 1000
    Oklahoma City, Oklahoma 73102
    Telephone: (405) 609-6000
    Facsimile: (405) 609-6501
    dteague@jenningsteague.com

    ***ATTORNEY FOR AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA***

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document on the date herein stated: on the following parties via the Court's electronic case filing system on the date herein stated:

David W. Little, Esq.
LAW OFFICES OF DAVID W. LITTLE, P.C.
115 East California Ave.-Bricktown
Miller-Jackson Building, Suite 350
Oklahoma City, Oklahoma 73104-2418

*ATTORNEY FOR PLAINTIFF*

This, the 5th day of August, 2015.

s/J. Derrick Teague
J. Derrick Teague

7