

EXHIBIT 2

IN THE DISTRICT COURT OF GARVIN COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| JONATHAN GEORGIADIS as Personal Representative of the Estate of MICHAEL A. GEORGIADIS, as Executor of the Estate of MICHAEL A. GEORGIADIS, and individually, ) ) ) ) ) ) Plaintiff, ) ) vs. ) ) AMERICAN BANKERS LIFE ASSURANCE ) COMPANY OF FLORIDA, ) ) Defendant. ) | CJ-15-44 Case No. STATE OF OKLAHOMA GARVIN COUNTY SS. FILED APR 1 6 2015 AT 9:30 O'CLOCK A.M. CINDY ROBERTS, Court Clerk BY_____ DEPUTY BOOK_____ Page_____ |

## PETITION

**COMES NOW,** the Plaintiff, Jonathan Georgiadis, as Personal Representative of the Estate of Michael A. Georgiadis, as Executor of the Estate of Michael A. Georgiadis and Individually ("Georgiadis"), and for his causes of action against the Defendant, American Bankers Life Assurance Company of Florida, alleges and state as follows:

1. Georgiadis and Defendant entered into a contract for life insurance.

2. On or about August 9, 2004, Georgiadis passed away.

3. Plaintiff became aware through the State of New Jersey Department of Treasury's Unclaimed Property Division that American Bankers reported unclaimed monies for premium refund.

## CAUSES OF ACTION

### I. BREACH OF CONTRACT

5. Plaintiff incorporates and re-alleges all allegations contained in paragraphs 1 through 3 above.

6. At the time of this loss, the applicable insurance coverage was in full force and effect.

7. Following the loss, Defendant had a contractual duty to promptly and fairly tender the life insurance proceeds for which Georgiadis paid premiums for.

8. Defendant has wrongfully failed and refused to pay the loss and has breached its contractual duty to [the Estate of] Georgiadis.

9. As a direct result of the actions of Defendant, Plaintiff has been damaged in an amount in excess of $75,000.00

## II. FAILURE TO DEAL FAIRLY AND IN GOOD FAITH

10. The Plaintiff incorporates and re-alleges all of his allegations contained in paragraphs 1 through 9 above.

11. The Defendant has a duty to deal fairly and in good faith with its insureds.

12. The actions of the Defendant are in violation of the Defendant's duty of good faith and fair dealing to Georgiadis.

13. As a direct result of the actions of the Defendant, Plaintiff has been damaged in an amount in excess of $75,000.00

## PUNITIVE DAMAGES

14. Plaintiff incorporates and re-alleges all of his allegations contained in paragraphs 1 through 13 above.

15. Defendant's treatment of Georgiadis and the handling of his loss demonstrate Defendant has intentionally, and with malice, breached their duty to deal fairly and in good faith. The actions of Defendant were intentional, malicious and consistent with Defendant's corporate goal of increasing profits through the systematic reduction or avoidance of claims. The bad faith conduct of the Defendant has affected not only Georgiadis, but numerous other policyholders across the country. Georgiadis, therefore,

seeks punitive damages in an amount equal to the increased financial benefit derived by Defendant as a direct result of their bad faith conduct toward Georgiadis and others pursuant to 23 Okla. Stat. §9.1.

**WHEREFORE**, Plaintiff requests actual damages in excess of $75,000, punitive damages, pre-judgment interest, post-judgment interest, court costs, attorney's fees, and any further relief that this Court deems just and proper.

Respectfully submitted,

_____
David W. Little, OBA # 14407
115 E. California Ave.– Bricktown
Miller-Jackson Building, Suite 350
Oklahoma City, OK  73104-2418
Telephone:  (405) 236-4200
Facsimile:  (405) 236-4205
Toll Free: (888) 236-6791
*Counsel for Plaintiff*

ATTORNEY'S LIEN CLAIMED